IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **RONNIE BENNETT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. <u>07-2546</u> B/P |
| | ) |
| **MENLO LOGISTICS and RANDSTAD STAFFING,** | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE JURY DEMAND AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**
_____

Before the court by order of reference is a Motion to Strike Jury Demand, pursuant to Federal Rule of Procedure 39(a)(2), filed by defendant Menlo Logistics ("Menlo")[1] on February 18, 2008. (D.E. 22). On February 27, 2008, plaintiff Ronnie Bennett filed a response in opposition and alternatively moved the court to allow him to amend his complaint to include a demand for compensatory and punitive damages. On March 4, 2008, Menlo filed its reply. For the reasons below, Menlo's motion to strike is DENIED and Bennett's motion to amend is GRANTED.

I. BACKGROUND

This case arises from charges of discrimination brought by

---

[1]Randstad Staffing ("Randstad") indicated that it joined the motion at the parties' consultation on the motion pursuant to Local Rule 7.2(a)(1)(B).

Bennett against the defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Bennett is an African American male. Defendant Randstad is a temporary professional services provider that assigned Bennett to work at defendant Menlo. Bennett filed a race discrimination and retaliation charge against Menlo on May 5, 2005. On May 23, 2007, the EEOC issued a Notice of Right to Sue, stating that "[t]he EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you." Bennett filed a separate charge of race discrimination and retaliation against Randstad on February 9, 2006. The EEOC issued a Dismissal and Notice of Right to Sue on April 19, 2007.

In his *pro se* complaint, filed on August 22, 2007, Bennett stated that "I complained at least three times to Supv. Jason and Seth about people I had been told had authority over me make racial slur to me and give me unequal job assignments." (Compl. ¶ IV.). Bennett requested "[t]o be reinstated to my job and to be awarded back pay." (Id. ¶ V.). The court subsequently appointed counsel to represent Bennett *pro bono*. On September 6, 2007, attorneys Kim Koratsky and Matthew F. Jones, of the law firm Wyatt, Tarrant & Combs, LLP, filed their Notice of Appearance as counsel for Bennett. On October 19, 2007, Bennett filed a jury demand. A scheduling order was entered on October 29, 2007, setting the

deadline for Bennett to amend his complaint for January 2, 2008. Bennett did not seek to amend his complaint by the January 2 deadline.

In its motion, Menlo contends that there is no entitlement to a jury trial for Title VII claims seeking only equitable relief such as reinstatement and back pay. Bennett argues that his *pro se* complaint should be held to less stringent standards than a formal pleading drafted by lawyers. In addition, Bennett apparently argues that because he sufficiently pleaded a claim for relief under the statutory scheme of Title VII, he is entitled to full recovery under the statute, including compensatory and punitive damages. Alternatively, Bennett requests that the court allow him to amend his complaint so that he can make "more explicit prayers for relief."

In its reply, Menlo argues that Bennett had four months from the appearance of his counsel on September 6, 2007, until the deadline for seeking leave to amend Bennett's complaint on January 2, 2008, during which time he could have and should have sought to amend his complaint. Menlo also asserts that Bennett was only a *pro se* plaintiff for a short period between the filing of his complaint on August 22, 2007, and the appearance of his attorneys on September 6, 2007, and that he should not be able to rely on his "short-lived" *pro se* status as an excuse for failing to amend his complaint to allege compensatory and punitive damages. Finally,

-3-

Menlo argues that Bennett has not demonstrated good cause or excusable neglect to warrant modifying the scheduling order.

## II. ANALYSIS

Federal Rule of Civil Procedure 39(a)(2) states that

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: . . .
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a)(2). Title VII states in relevant part that

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate. . . .

42 U.S.C. § 2000e-5(g)(1). In 1991, Section 1981a amended Title VII by adding compensatory and punitive damages as possible forms of relief for employment discrimination, providing that

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 against a respondent who engaged in unlawful intentional discrimination . . . , the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706 of the Civil Rights Act of 1964, from the respondent.

42 U.S.C. § 1981a(a)(1). Further, Section 1981a states that "[i]f a complaining party seeks compensatory or punitive damages under

this section (1) any party may demand a trial by jury. . . ." Id. § 1981a(c)(1).

Section 1981a created a right to a jury trial for plaintiffs claiming compensatory or punitive damages in a Title VII action. It "did not, however, create a right to a jury trial for back pay and the other equitable relief permitted under § 2000e-5(g)."[2] Dickinson v. Ohio Bell Commc'ns, Inc., No. 92-3348, 1993 WL 245746, at *3 (6th Cir. July 7, 1993); see also Dobbins v. Tenn. Valley Auth., No. 3:05-CV-78, 2007 WL 2509691, at *4 (E.D. Tenn. Aug. 30, 2007) (stating that in a Title VII action, "either a Plaintiff has claimed compensatory damages and has a right to a jury trial, or he has not claimed compensatory damages and he has no right to a jury trial"); Bledsoe v. Emery Worldwide Airlines, 258 F. Supp. 2d 780, 794 n.6 (S.D. Ohio 2003) (stating that "Title VII was amended in 1991 to provide for jury trials where the plaintiff seeks compensatory or punitive damages"). In its current form, Bennett's complaint requests only the equitable relief of back pay and reinstatement, not compensatory or punitive damages. Therefore, he is not entitled to a jury trial under Title VII based on the relief sought in the complaint.

Federal Rule of Civil Procedure 15 governs the use of amended

---

[2]Section 1981a provides that "[c]ompensatory damages awarded under this section shall not include backpay, interest in backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964." Id. § 1981a(b)(2).

pleadings and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 16 authorizes the court to enter a scheduling order limiting the time a party has to join parties, amend pleadings, file motions, and complete discovery. Rule 16 provides that a scheduling order "shall not be modified except upon a showing of good cause. . . ." Fed. R. Civ. P. 16(b). Addressing the interplay between these rules, the Sixth Circuit has held that "once a scheduling order's deadline passes, a party must first show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a)." Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003) (citing Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003)). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee notes (1983). In deciding whether the moving party has shown sufficient good cause to modify the scheduling order, the court considers two factors: the movant's diligence in attempting to meet the scheduling order's deadlines and the potential prejudice to the opposing party if the scheduling order is amended. Leary, 349 F.3d at 906 (citations omitted).

Bennett requests that, if the court requires "more explicit prayers for relief," he be excused from the scheduling order

-6-

deadline so that he may "correct any deficiency in his prayers for relief." On the one hand, Bennett had almost four months from the time he obtained representation to seek leave to amend his *pro se* complaint, and his counsel should have known that their jury demand notice filed on October 19 would have no effect on his right to a jury trial unless the complaint was amended to add a demand for compensatory and punitive damages. On the other hand, although the notice had no legal effect at the time it was filed, Bennett at least took some steps to try to put Menlo on notice that he was seeking a jury trial on all issues raised in the complaint. Moreover, Menlo has not shown any potential prejudice it would suffer if the court were to amend the scheduling order and allow Bennett to amend his complaint to add a demand for compensatory and punitive damages. Although the facts present a close case, on balance the court finds good cause under Rule 16 to allow Bennett to amend his complaint beyond the deadline set forth in the scheduling order. Finally, the court finds that amendment of the complaint is warranted under the liberal standards of Rule 15.

### III. CONCLUSION

For the reasons above, Menlo's motion to strike Bennett's jury demand is DENIED and Bennett's motion to amend is GRANTED. Bennett shall file his amended complaint to add a demand for compensatory and punitive damages within seven (7) days from the date of this order, with service upon the defendants.

IT IS SO ORDERED.

s/ Tu M. Pham

TU M. PHAM

United States Magistrate Judge

April 30, 2008

Date